Howell, J.
The plaintiffs, as heirs of John 'Slidell, sue for certain property in the possession of the Germania-National Bank, and the rents thereof from thirtieth July, 1871, the date of the death of their ancestor. The bank set up possession under a lease from W. R. Fish, the owner, and called him in warranty. Fish pleaded as an exception his purchase at marshal’s sale under a valid judgment of condemnation and confiscation, rendered by the United States District Court for the eastern district of Louisiana, in the suit of the United States v. 844 lots and 10 squares of ground, which was instituted and prosecuted under and by virtue of an act of Congress, approved seventeenth July, 1862, entitled “an act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels and for other purposes,” which judgment and the proceedings and sale thereunder are still in full force and effect and can not be attacked collaterally in this suit, and that the State court is without jurisdiction to question the validity of warrantor’s title or to review the decree of proceedings in the said United States Court under which he holds.
There was judgment in favor of plaintiffs and Fish appealed. His counsel says: There is but one question to be considered in determining the case, to wit: Have the State courts any power or right to-inquire into, modify or limit the decree of the District Court of the United States, sitting as a prize court ? And he invokes the decision of the United States Supreme Court in the case of the United States v. T. A. Clark, executor of John Slidell, and the heirs of John Slidell, affirming the judgment of the United States District Court in said confiscation proceedings as final and vesting in the warrantor a title in fee simple to said property.
Taking this as the only question, we are unable to concur in this position of counsel. The plaintiffs are not attacking the proceedings, and judgment in confiscation. They recognize the validity thereof, but say that under the said confiscation law and the decision of the *355 United States Supreme Court in the eases of Bigelow v. Forest 9 Wall. 339, and Day v. Tricou, 18 Wall. 162, interpreting the said law, the effect of that judgment and the sale thereunder ceased at the death of their ancestor John Slidell, and that it was only his life estate in this property that was acquired by Fish. This is correct, and has been frequently reaffirmed by the United States Supreme Court. In the case of the United States v. Clark, executor, et als., invoked by the appellant, the sufficiency of the information, the regularity of the proceedings, the jurisdiction of the district court and the effect of the amnesty proclamation were considered and passed on. The question in this case was not raised therein, but in the case of Maeuard v. United States, decided at the same time as the said confiscation case, the Supreme Court in express terms recognized the doctrine in Bigelow v. Forest, and Day v. Micou as applicable to the purpose and effect of the sale of Slidell’s property.
Judgment affirmed.
Mr. Justice Taliaferro dissents.